[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10331
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00071-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OYANGO LANAR TOLBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 25, 2012)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Oyango Lanar Tolbert appeals his convictions and sentences imposed for

possession with intent to distribute 50 grams or more of cocaine base and

possession with intent to distribute .38 grams of cocaine hydrochloride.  21 U.S.C. § 841(a)(1).  Tolbert contends that:  (1) there was insufficient evidence to support his convictions; (2) the district court erred in not applying the Fair Sentencing Act (FSA) during sentencing; and (3) his sentence is substantively unreasonable.  After review, we affirm Tolbert's convictions, but vacate and remand for resentencing.

I.

We review a challenge to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the Government.  *United States v. Jones*, 601 F.3d 1247, 1267 (11th Cir. 2010).  Resolving all credibility choices in support of the jury's verdict, we decide "whether the evidence . . . was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt."  *Id.*

 "To convict a defendant of possession with intent to distribute controlled substances, the Government must prove that he . . . possessed drugs with the intent to distribute them."  *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005).  Possession may be actual or constructive.  *United States v. Tinoco*, 304 F.3d 1088, 1123 (11th Cir. 2002).  Constructive possession occurs when the "defendant maintained dominion or control over the drugs or over the premises where the

2

drugs are located." *United States v. Harris*, 20 F.3d 445, 453 (11th Cir. 1994); *see also United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998) ("Constructive possession exists when a defendant has . . . dominion or control over the premises or the vehicle in which the object is concealed." ).

Viewing the evidence in the light most favorable to the Government, the Government presented sufficient evidence at trial to support the jury's conclusion that Tolbert was guilty beyond a reasonable doubt of the crimes charged in the indictment. The evidence at trial established that Tolbert had dominion and control over the car where the crack cocaine was found. Tolbert was driving the car when police attempted to pull him over, and there was testimony establishing the car belonged to Tolbert's girlfriend. There was also sufficient evidence to show that Tolbert knowingly possessed the .38 grams of powder cocaine found on his person. The cocaine was found inside a wad of money that was found inside Tolbert's front pocket. The large amount of drugs found, combined with the alleged drug ledger and the large amount of cash support the jury's finding that Tolbert intended to distribute the drugs. Therefore, there was sufficient evidence to support Tolbert's convictions.

## II.

The Supreme Court recently held the FSA applies to defendants sentenced

3

after the Act's effective date of August 3, 2010, but whose conduct occurred before that date. *Dorsey v. United States*, Nos. 11-5683, 11-5721, 2012 WL 2344463 (U.S. June 21, 2012). Tolbert committed his offense on December 27, 2009, but was sentenced on January 12, 2011. Thus, the district court erred in not applying the FSA during Tolbert's sentencing.

The Government contends the district court's error in failing to apply the FSA is harmless, however. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

> [N]on-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect. If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error.

*United States v. Hornaday*, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (internal quotations and citations omitted).

Despite the Government's assertion, we cannot say the district court's error in failing to apply the FSA was harmless because we cannot say the district court would have reached the same result even if it had applied the FSA. If the FSA had been applied, the Guidelines range would have been 120-150 months'

4

imprisonment, rather than 240 months' imprisonment.  The district court's upward variance was 36 months from the pre-FSA Guidelines range.  Under the FSA Guidelines range, the variance would be 126 months from the high end of the Guidelines range.  Although the district court extensively discussed Tolbert's prior criminal history and likelihood of recidivism in departing upward from the pre-FSA Guidelines range, there is nothing in the record to indicate the district court would have imposed this same sentence with a lower recommended Guidelines range.  In fact, the district court explicitly stated it had "considered the guideline computations and . . . taken them under advisement" in arriving at the sentence.  Thus, we cannot conclude the error was harmless.

### III.

The Government presented sufficient evidence to support Tolbert's convictions and we affirm his convictions.  However, we vacate and remand for resentencing.[1]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[1]  Because we vacate and remand for resentencing, we do not reach Tolbert's third issue of whether his sentence was substantively reasonable.